**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BILLIE SCHAEFER, | ) | CASE NO.: 5:22-CV-00226 |
| Plaintiff, | ) ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) | |

This matter comes before the Court on Objections by the Plaintiff, Billie Schaefer, ("Plaintiff") to the Magistrate Judge's Report and Recommendation ("R&R"). On October 14, 2022, Magistrate Judge James E. Grimes Jr. issued an R&R recommending that the Court affirm the Commissioner's decision denying Plaintiff Supplemental Security Income. On October 28, 2022, Plaintiff objected to the R&R. On November 2, 2022, the Commissioner responded to the objections. The Court now resolves the objections.

For the reasons stated below, Plaintiff's objections are OVERRULED. The R&R is adopted, and the Commissioner's decision is AFFIRMED.

**Law & Analysis**

This Court is required to conduct a *de novo* review of the portions in the R&R to which objections are made. 28 U.S.C. § 636(b)(1)(C). However, in Social Security cases, judicial review of the Commissioner's decision is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). This substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of*

1

*Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Plaintiff objects to the Magistrate Judge's review of the Administrative Law Judge's ("ALJ") evaluation of Dr. Rajeet Shrestha's medical opinion.[1] Doc. 14. Plaintiff argues that the ALJ did not properly consider the factors under 20 C.F.R. § 416.920c. Doc. 14. Under 20 C.F.R. §§ 416.920c(a) and 416.920c(c)(1)-(5), the ALJ is required to consider supportability, consistency, relationship with the claimant, specialization, and other factors when evaluating the persuasiveness of a medical opinion. The ALJ is only required to explain his or her consideration of the supportability and consistency factors. § 416.920c(b)(2). "A reviewing court evaluates whether the ALJ properly considered the factors as set forth in the regulations to determine the persuasiveness of a medical opinion." *Toennies v. Commissioner of Social Security*, 2020 WL 2841379 at *14 (N.D. Ohio June 1, 2020) (internal citation omitted).

The ALJ stated with respect to Dr. Shrestha:

> I find Dr. Rajeet's opinion unpersuasive. The record failed to document the extreme degree of limitations that Dr. Rajeet described. While she had periodic mental symptoms, the treatment notes did not establish such severe restrictions. Rather, Dr. Rajeet's own treatment notes documented relatively normal mental status findings.

Doc. 7 at 27.

---

[1] This was also the only issue that Plaintiff raised with the Magistrate Judge. Doc. 13 at 3.

2

The R&R found that

> [t]he ALJ explained that "the record failed to document the extreme degree of limitations of Dr. [Shrestha] described" and that Dr. Shrestha's "own treatment notes documented relatively normal mental status findings." Tr. 23 So the ALJ "articulate[d]" how he considered the *consistency* and *supportability* factors that he was required to discuss. 20 C.F.R. § 416.920c(a), (b)(2). Schaefer has not shown that the ALJ's explanation was unsupported by the evidence.

Doc. 13 at 20-21. (emphasis in original)

To support her objection, Plaintiff only states that "she has consistently reported the same symptoms, and resulting limitations to various physicians, to the agency and in testimony at her hearing" and argues that "the ALJ does not adequately explain how or why these findings are contrary to the opinions express [sic] by Dr. Shrestha." Doc. 14 at 4. However, the R&R states that the ALJ did consider Plaintiff's report of symptoms and limitations and that the ALJ found that they "were only partially consistent with the record evidence." Doc. 13 at 18. Specifically, the ALJ stated:

> I find such assertions only partially consistent with the evidence. She had ongoing mental health symptoms and treatment, with depression and anxiety. While she reported trouble leaving her home at times, she was able to attend numerous appointments. Additionally, the exam findings failed to document the degree of symptoms she reported. Indeed, the claimant exhibited generally cooperative behavior, organized thoughts, fair judgment and insight, and intact cognition. Such findings suggest she could perform simple tasks in the static and socially limited environment of the residual functional capacity.

Doc. 7 at 27. Cooperative behavior, organized thoughts, fair judgment and insight, and intact cognition all come from Dr. Shrestha's treatment notes from 2020 and 2021. Doc. 13 at 8-9; Doc. 7 at 1232 and 1515. Plaintiff does not object to this finding in the R&R or to the initial finding by the ALJ.

3

The R&R recommends that this Court affirm the Commissioner's decision because "[t]he ALJ "articulate[d]" how he considered the *consistency* and *supportability* factors that he was required to discuss. 20 C.F.R. § 416.920c(a), (b)(2). Schaefer has not shown that the ALJ's explanation was unsupported by the evidence." Doc. 13 at 20-21. (emphasis in original) The Court finds no error in the R&R on this issue.

For the reasons stated above, Plaintiff's objections are OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby AFFIRMED.

Date: December 1, 2022                    /s/ John R. Adams
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE